Good morning. The case on today's docket is the case of Joel Berner et al. v. Faith Church of Lebanon. We have Mr. Mal Putnick for the appellant and Paul Evans for the appellate. And you may proceed, Mr. Putnick. May I please record? Yes. The notice we received from Mr. John Flott said to us very clearly, I thought, that the justices would have read the briefs, familiar with the facts and the issues, and suggested that we concentrate on the issue. And that sounds like good advice. I will take him at his word. The key issue in the case is jurisdiction. This is actually a very simple case. The facts are not indisputable. We have a small church in Lebanon, Illinois. Differences of opinion arose between people, members of the congregation, members of the church council, expelled the plaintiffs. But then didn't comply with the Constitution and bylaws, which said that it had to be brought to the congregation for confirming, whatever. Now, there is no question that the council had the right to sanction. It did. There's no question that it had an obligation under the Constitution and bylaws to seek confirmation from the church. It didn't. Now, all the plaintiffs are seeking in this case. The only thing the plaintiffs are seeking is to have the matter submitted to the congregation, the church, as it stated in the Constitution and bylaws. That is all. The plaintiffs are not seeking anything else. My lack of sophistication being redundant. I apologize, but that's all. I have gone through case after case after case and have almost figuratively speaking, coming out of my ears, words like doctrinal controversy, compulsory deference, ecclesiastical decisions, and all those things that are not the business of a secular court. Absolutely. And in virtually all of those cases, the issue has come up, is this an invasion by a secular court of church business? Does it constitute an intrusion, a trespass into the faith? And in those instances in which it's found that there was, then the court has no business dealing with the incident at all. But if it does not constitute an intrusion on the faith and trying to interpret the secular court interpreting the faith, then under the Illinois courts have taken the position for quite some time that they can apply the neutral principles of law and deal with the problem. In here, since it has to do with taking over a building, assets, and property out of the church, the secular court has an absolute right to be involved. Again, I've repeated myself, and I'm sure I will several more times. The only thing my clients have been asking from day one is submit the matter to the church. That's what the church does with it. It's a different story. What the church does with it is not the business of this court. Then it falls strictly within how does the faith address whatever issues arose within the congregation. Now, we've looked at every case that we possibly could, and it all comes down to that same thing. Even harking back to the Bivens case from this court some years ago, where the lengthy reason was that there is no way in the world that the faith could justify the therapist, the clergy, having sex with some of the people he was serving. So the depth of reason can have facts involving the operation of the church. But if what is taking place has nothing to do with the faith, then the secular court has a right to make its presence heard. Now, there is also this. In some of those cases, and for you to jump out at me, and please don't ask me for all the details. I think I've got them, but I might not. The Ervin case, the Jenkins case, the Muhammad case, in those cases, there were procedures in place as to how to go about doing things within the church. So the secular court could address that and say, you have to follow your own procedures. And then I think in one or more of the cases it involved arbitration. And so the court, even in those cases, was not intruding on the faith. Now, in this case, again, all the plaintiffs are asking is the matter to be submitted to the church. That's all. It's there. Now, the defendant raises an interesting argument. What do we do when we have to go to the church? We don't have a procedure. Do we drag them kicking and screaming? What do we do to get them there? That's not the business of this court. That wasn't the business of the circuit court. Once the plaintiffs are returned, I hope, to the circuit court for trial, if the judge says we go back to the church, now it is up to the church, the congregation, the faith, to determine how it wants to do things. That's all. Now, it may find that my clients are the worst people that ever traveled the earth, or they might find they're all angels. But that's their business. All this is is a request that they be sent to the church, which is provided for in that section of the Constitution and bylaws. That is all. Now, that having been said, the issue of standing, I don't think it's a real issue, whether it's a serious case or whatever. These are the people who were allegedly thrown out of their congregation, and now they're saying, wait a second. We've been ill-treated. We have a right to go further with it. I think that gives us standing, and I don't think there's any question unless the law pertaining to declaratory judgments has changed recently. There's an actual controversy. And what my clients are seeking is that you revoke the ruling by Judge Aguilar, send it back, and Charlie, whatever trial you're hearing, move on from there. And in the meantime, they have the right to remain as members of the congregation until the process is completed. But to say that this court has no business dealing with this issue because it requires a trespass into the faith is simply not true. And that sums it up very nicely. And if there was something in the case law, all the case law going back to U.S. Supreme Court and Watson and all those that I have written, if I have missed it, I apologize to the court, but I don't think I have. It all comes down to the simple issue. If it doesn't involve a matter of trespass into the faith, the secular court has a right to act under the new principles. Thank you all. Thank you. You'll have the opportunity to rebut. Mr. Allen? May it please this court. First, thank you very much for your time. On behalf of Faith Church, the trial court's decision should be upheld. We are being asked here to tread into areas of ecclesiastical matters. What Mr. Hutnick has just argued about, we're only looking at one step, one procedural step, and we don't have to decide anything else. I ask this court to look at the door he's requesting that you open. If we open the door to take that one procedural step, what is to prevent us from being required to take the next procedural step? Neutral principles. We have the ecclesiastical abstention doctrine versus neutral principles doctrine. That neutral principles doctrine does not apply here today. Those cases, many of which were cited by the plaintiff, typically deal with property issues, contract issues, church control issues. A few of them, such as the Bivens, tends to deal with sexual misconduct and tort and negligence. What we have today is an issue of church polity. It's an issue of membership. When he keeps going back and argues, it's simply they want to go in front of the whole church. Well, why? It's because we want this court to declare whom must worship with whom. In his own brief, he stated that the church council expelled him. I believe what a lot of this comes down to is an interpretation that that phrase, shall be brought before the church, is mandatory. I would encourage the court to look at the phrase right before that, though. The phrase right before that is, upon recommendation by the council, it shall be brought. We're being asked to interpret. So are you saying, even under the neutral principles approach, that looking at the bylaws by themselves, that this phrase means that that in and of itself would affirm the circuit court? I'm saying that when we took neutral principles, looking at the bylaws, looking at the bylaws over what subject matter, property, control issues, then the documents are clearer than themselves. You can interpret, yes, that line is out there. But look at the subject matter, and we're not talking about control of property. We're talking about association, freedom of worship. And again, what Plaintiff is seeking is an order compelling the aggrieved parties to be part of the worship community. That's getting to matters of faith, and that's where I believe the whole idea of looking at bylaws and the statutes and other government documents, whatever is out there, doesn't apply to this category. So going back, he said ideal, he's focusing upon the one where it shall be brought to the church. But look at the first part of that sentence, upon recommendation. Why is it to be upon recommendation? Speculative. Perhaps the church council thinks the behavior of Complainant here, who's being banned, is something that the whole church body should be made aware of. There's all sorts of things that this Court will be called upon to interpret why that phrase is there, why is it written. Many of the cases that are cited that support the neutral doctrine have some pretty well-written governing documents. This one is, with great respect to the lay people of the world, amateurishly written. It's not clear cut. And if it was something that was very easy to interpret and follow, but here we have a contradiction in its own terms, based upon Plaintiff's argument. Plaintiff's making a mandatory argument. I think it's not mandatory. I think it's a discretion of the church council upon their recommendation this matter can be brought. What Plaintiff seeks is very much, I believe, what the U.S. Supreme Court was very concerned about in the, forgive my pronunciation, Milivojvic case. And that was an Illinois case. And that was a case over the defrocking of a Serbian bishop. It was a case of church discipline. That's exactly what we have here. Church discipline. Do the courts, secular courts, get into church discipline matters in Milivojvic? The court said no. Don't intrude in that whole area. And it's a situation also of don't even open that door for that first procedural step. Don't go there. As far as standing, the whole issue is what does Plaintiff seek? How is Plaintiff in harm? Plaintiff, under the guise of saying, oh, we just want to have him go back to the church. But really, Plaintiff is claiming that a property interest to be entitled to worship with that faith community. Plaintiff is seeking some type of ownership interest in that faith community church. And clearly, there is not one. So, he has not brought forth a matter of which this court is capable of giving a remedy. If there was a fight over church property, yes, we would look at various statutes and everything else. Who should control church property? Again and again, this is over the freedom of association of worship. It's an ecclesiastical matter. And it's all I have. I'd be happy to take any questions. No questions. Thank you, Counsel. Thank you very much. Thank you, Mr. Evans. Mr. Hutnick? Your Honor, he makes my point. Because everything he said to you, you would have to determine what's a good Christian. How do you lead a good Christian life? You have to go into that. And to go into that, you have to figure out from the files and all of that, how did they come about within that faith, determining this makes you good and God-fearing, this makes you bad and not God-fearing. That's not the issue in the case. The issue is the right to have the church be the final voice. And what they do and how they do it is their business. They can determine that whatever the plaintiff is supposed to have done warrants thrown out of the church. Fine. But that's not what we're here asking, and it's not necessary for you to do that. The procedure is there. Am I going to stand here and say that I've drawn up the Constitution and bylaws? It would have been perhaps a little more articulate, of course. But that doesn't change the fact. The congregation that drew up the Constitution and bylaws years ago said this is our way of saying we have a committee, and then the church decides whether we're faithful. Our principle is correct. It's left to them entirely. And that's what we've been asking, and that's what we're asking now. Thank you. Thank you, Counselor. Thank you, Mr. Kupnick. Thank you both for your briefs and arguments. We'll take them in order.